UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY, | No. 2:13-cv-0928 KJM AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| AMERICAN IDOL, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.

4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9    this standard, the court must accept as true the allegations of the complaint in question, Hospital

10   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12   McKeithen, 395 U.S. 411, 421 (1969).

13       Plaintiff brings this diversity action alleging that in January 2013 she received an

14   invitation from defendant Fox News Corporation to attend a taping of the television show

15   American Idol in Los Angeles, California.  While waiting in line at the event, plaintiff claims she

16   was sitting on a cardboard box when she singled out by one of defendants' body guards and

17   removed from the premises.  Plaintiff brings suit against Fox News and American Idol for breach

18   of contract and for discrimination in public accommodation in violation of 42 U.S.C. § 12182.

19   Plaintiff seeks $5,000,000.00 in damages.

20       1.    Diversity Jurisdiction

21       Plaintiff alleges that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

22   Compl. 3.  Generally, in an action where subject matter jurisdiction is premised on the diversity

23   statute, there must also be complete diversity of the parties, which means that all of the plaintiffs

24   have a different state of citizenship than all of the defendants.  See, e.g., Cook v. AVI Casino

25   Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008) ("We have jurisdiction only if [plaintiff], a

26   resident of California, has citizenship which is diverse from that of every defendant.")

27       Here, plaintiff alleges that the amount in controversy exceeds $5,000,000.00.  However,

28   even accepting that rather conclusory allegation, plaintiff has not sufficiently alleged that the

2

parties' citizenship is completely diverse, and it readily appears that she cannot allege complete diversity of citizenship.  Plaintiff alleges that she and defendant American Idol are residents of California ("Defendant American Idol resides in California," Compl. 3).  The fact that at least one named defendant is alleged to be a California resident destroys the requisite "complete diversity" in this case.  See Cook, 548 F.3d at 722.  Accordingly, this court lacks diversity jurisdiction.

2.  Improper Venue

The federal venue statute requires that all civil actions filed in any district court be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Plaintiff's pleading makes clear that the Eastern District of California is not the proper venue in which to bring this case.  Neither of defendants' addresses is located in this district, and the alleged acts giving rise to the claim are all alleged to have occurred in Los Angeles, located in the Central District of California.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (where all defendants resided in Alaska and "virtually all of the activity providing the basis of the complaint took place" there, district court properly concluded that it lacked venue).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Given the allegations in the pleading, this matter should have been brought in the district where the defendants reside or in the district where the allegations supporting the cause of action occurred, not in the Eastern District of California.

"Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time to do so has not run," see Lawrie v. Cline, No. 11-cv-1235 SBA (PR), 2011 WL 7121807, at *2 (N.D. Cal. Nov. 4, 2011) (unpublished) (transferring case at screening under 28 U.S.C. § 1915A(a)).  Here, defendants have not filed a responsive pleading

3

and the time for doing so has not run; service of the pleading has not been ordered and no answer is on file.

Accordingly, pursuant to 28 U.S.C. § 1406(a) (court "shall dismiss" for improper venue), the undersigned recommends that this case be dismissed.

Moreover, the court notes that this complaint appears to be one of several hundred frivolous complaints that plaintiff has filed all over the country. See Ajuluchuku–Levy v. Schleifer, 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the United States district courts reveals that as of the date of this Order, Plaintiff has commenced two hundred fifty-eight (258) actions in various district courts across the United States. Several district courts have noted that "the 'overwhelming majority' of cases filed by plaintiff have been totally without merit.") (quoting Ajuluchuku v. Southern New England School of Law, 2006 WL 2661232, at *3 (N.D. Ga. Sep. 14, 2006)). In light of plaintiff's frivolous allegations herein, as well as her history of filing frivolous actions containing many of the same allegations, the court will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Plaintiff has an opportunity to oppose by filing objections to these findings and recommendations. Within fourteen days after being served with these findings and recommendations, she may file written objections with the court and serve all parties. Such documents should be titled "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objection shall be served and filed within ten days after service of the objections. Failure to file objections within the specified

time may waive the right to appeal the District Court's order. <u>See generally</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2013

                                          ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE

/mb;levy0928.ifpgrant.dism